02-12-260-CR










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-12-00260-CR


 
 
 David Alan Perrigo, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
  
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 30th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
David Alan Perrigo, Jr. attempts to appeal his convictions for aggravated
assault of a child and indecency with a child. The trial court imposed
Appellant’s sentence on March 2, 2012.  Appellant timely filed a motion for a
new trial.  Under our rules, his notice of appeal was due on May 31, 2012.  See
Tex. R. App. P. 26.2(a)(2).  Appellant did not file his notice of appeal,
however, until June 11, 2012.

An
appellate court may extend the time to file the notice of appeal if, within 15
days after the deadline for filing the notice of appeal, the party: (a) files
in the trial court the notice of appeal; and (b) files in the appellate court a
motion complying with rule 10.5(b).  Tex. R. App. P. 26.3.  In this case, a motion
to extend time to file the notice of appeal was due on June 15, 2012.  See
Tex. R. App. P. 26.3.  Appellant filed his motion to extend time to file notice
of appeal on June 20, 2012.  It is, therefore, untimely.

A
notice of appeal that complies with the requirements of rule 26 is essential to
vest this court with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  The court of criminal appeals has held that, without a
timely filed notice of appeal or motion for extension of time, we cannot
exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996); see also Slaton, 981 S.W.2d at 210.

Because
Appellant’s notice of appeal and motion to extend time to file notice of appeal
were untimely, we have no jurisdiction over this appeal.  Accordingly, we deny
the motion to extend time to file notice of appeal and dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 26.3, 42.3(a), 43.2(f).




PER
CURIAM

PANEL:  GABRIEL,
J.; LIVINGSTON, C.J.; AND DAUPHINOT, J.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
August 9, 2012









[1]See Tex. R. App. P. 47.4.